IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR COLAN ROOD, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1923 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

Petitioner Arthur Colan Rood, a state inmate proceeding *pro se*, filed this habeas petition challenging his 2000 guilty plea for aggravated assault. As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially

> > recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

Petitioner reports in his petition that he was convicted on May 10, 2000, and that he did not pursue a direct appeal. Accordingly, his conviction became final for purposes of AEDPA thirty days later, on June 10, 2000, and the AEDPA one-year limitation expired one year thereafter on or about June 10, 2001. Public records for the Texas Court of Criminal Appeals show that petitioner's first application for state habeas relief was filed in March of 2004, and denied by that court on June 22, 2005. The Texas Court of Criminal Appeals dismissed petitioner's second application for state habeas relief as an abuse of the writ on April 18, 2007.

Petitioner took no further action to challenge his conviction until the filing of the instant federal habeas petition on June 15, 2009. Because limitations expired on June 10, 2001, petitioner's applications for state habeas relief, filed after that deadline, had no tolling effect for purposes of AEDPA. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the AEDPA statute of limitations is not tolled by a state habeas corpus

application filed after the expiration of the limitations period). Even under the most liberal of potential constructions petitioner could arguably raise – that the one-year limitation expired in 2008, one year after dismissal of petitioner's second state habeas application – the instant petition, filed in 2009, would remain barred by limitations.

Because the instant petition showed on its face that it was subject to dismissal under 28 U.S.C. § 2244(d), the Court ordered petitioner to show cause why his petition should not be dismissed as barred by limitations. In response, petitioner alleged that his efforts to pursue legal recourse have been hampered by his *pro se* inmate status and limited law library hours and legal resources. (Docket Entry No. 5.) The Fifth Circuit has held that a petitioner is entitled to equitable tolling when he is "prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513-514 (5th Cir. 1999). In the instant case, petitioner's allegations of *pro se* status and limited access to law libraries and other resources are incident to ordinary inmate status, are not extraordinary circumstances, and do not constitute grounds for statutory or equitable tolling of limitations.

Petitioner presents no other basis for statutory or equitable tolling. He has not shown that he was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly-recognized constitutional right upon which the petition is based, nor is there a factual predicate for the claim that could not have been discovered previously if petitioner had acted with due

3

diligence. *See* 28 U.S.C. §§ 2244(d)(1)(C), (D). Accordingly, there is no statutory or equitable basis to save petitioner's untimely federal petition.

This case is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on July 10, 2009.

_____
Gray H. Miller
United States District Judge